```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

AURELUIS LOWE, ET AL.                       CIVIL ACTION

VERSUS                                      NO: 07-7454

STATE FARM FIRE & CASUALTY                  SECTION: "A" (1)
CO.
```

**ORDER**

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Aureluis and Diana Lowe.  Defendant State Farm Fire & Casualty Co. opposes the motion.  The motion, set for hearing on March 19, 2008, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiffs initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm").  Plaintiffs allege that "[a]s a result of Hurricane Katrina, [they] suffered a loss caused by a peril covered under the policy of insurance at issue herein."  (Pet. ¶ 4).  Plaintiffs claim that State Farm failed to properly adjust the claim and they seek "the full value of his [sic] loss, all other contract benefits under the insurance policy, compensatory benefits, and all other available relief."  (Id. ¶ 8).  Plaintiffs seek payment of their losses as well as a litany of other damages in addition to statutory penalties, and attorney's fees under Louisiana law.  La. R.S. § 22:658; La. R.S.

§ 22:1220.

State Farm removed the suit alleging diversity jurisdiction because an additional $289,954.72 in coverage remains on the policy. Plaintiffs move to remand the case to state court arguing that State Farm has failed in its burden of establishing that the amount in controversy exceeds $75,000.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In

such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. State Farm correctly points out that Plaintiff is seeking damages, penalties and attorney's fees but even with such an award factored in the Court cannot conclude that the amount in controversy exceeds $75,000.  The petition is simply void of any suggestion as to the amount of additional losses that Plaintiffs are claiming or to the level of damage to Plaintiffs' property.

Further, the notice of removal does not set forth any facts to support a finding that the jurisdictional amount is satisfied. The notice of removal states only that an additional $289,954.72 remains under the policy until the limit is met.  (Ntc. Rec. ¶

3

16). It is the value of Plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.  <u>Bush v. State Farm Fire & Cas. Co.</u>, No. 07-7253, 2007 WL 4259501 (E.D. La. Dec. 3, 2007) (Berrigan, C.J.).

Finally, State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.  <u>See</u> <u>Callia v. State Farm Fire & Cas. Co.</u>, No. 06-5856, 2006 WL 3469549 (E.D. La. Nov. 29, 2006) (Fallon, J.).  In this case State Farm has not met its burden.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Aureluis and Diana Lowe should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

March 31, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE